| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 03 02305 | Trial Court of Massachusetts Superior Court Department County: Norfolk |
|---|---|---|

**PLAINTIFF(S):** Norman A. Edminster

**DEFENDANT(S):** Stone & Webster, Inc.

B

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Jonathan R. Black
99 Derby St., Suite 200
Hingham, MA 02043    781-556-1010
Board of Bar Overseers #: BBO # 044340

**ATTORNEY (if known)**

**Origin code and track designation**

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Age Discrimination | (F) | (x) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

Documented medical expenses to date:
1. Total hospital expenses ............................................. $..........
2. Total Doctor expenses ............................................. $..........
3. Total chiropractic expenses ........................................ $..........
4. Total physical therapy expenses ................................... $..........
5. Total other expenses (describe) ................................... $..........
   Subtotal $..........

Documented lost wages and compensation to date ...................... $..........
Documented property damages to date ................................ $..........
Reasonably anticipated future medical and hospital expenses ........ $58,000
Reasonably anticipated lost wages .................................. $..........
Other documented items of damages (describe)
Compensatory, multiple and/or punitive; attorneys' fees and costs

Brief description of plaintiff's injury, including nature and extent of injury (describe)

Wrongful termination and age discrimination.

TOTAL $58,000+

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A TRUE COPY
Attest: [signature]
Deputy Assistant Clerk
3/9/04

TOTAL $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT    NONE

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record [signature]    DATE: 12/18/03

AOTC-6 mtc005-11/99

MAS-20030912  Case 1:04-cv-10466-DPW    Document 3    Filed 03/11/2004    Page 2 of 18   03/09/2004
mannsusa                              Commonwealth of Massachusetts                      11:10 AM
                                          NORFOLK SUPERIOR COURT
                                               Case Summary
                                               Civil Docket

# NOCV2003-02309
## Edminster v Stone & Webster Inc

| | | | | | |
|---|---|---|---|---|---|
| File Date | 12/19/2003 | Status | Disposed: transferred to other court (dtrans) | | |
| Status Date | 03/09/2004 | Session | B - Civil B | | |
| Origin | 1 | Case Type | B22 - Employment Discrimination | | |
| Lead Case | | Track | F | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 03/18/2004 | Answer | 05/17/2004 | Rule12/19/20 | 05/17/2004 |
| Rule 15 | 05/17/2004 | Discovery | 10/14/2004 | Rule 56 | 11/13/2004 |
| Final PTC | 12/13/2004 | Disposition | 02/11/2005 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Norman A Edminster
Active 12/19/2003

**Private Counsel 044340**
Jonathan R Black
99 Derby Street suite 200
Hingham, MA 02043
Phone: 781-556-1010
Active 12/19/2003 Notify

**Defendant**
Stone & Webster Inc
Service pending 12/19/2003

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 12/19/2003 | 1.0 | Complaint entry fee $275 plff jury claim |
| 12/19/2003 | | Origin 1, Type B22, Track F. |
| 12/19/2003 | 2.0 | Civil action cover sheet filed |
| 12/19/2003 | | fast track notice sent to plffs attorney |
| 12/29/2003 | | ONE TRIAL review by Clerk, Case is to remain in the Superior Court |
| 03/09/2004 | 3.0 | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

A TRUE COPY
Attest: [signature]
Deputy Assistant Clerk
3/9/04

## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, ss.**

**SUPERIOR COURT DEPARTMENT**
**CIVIL ACTION NO.**
**03 02309**

NORMAN A. EDMINSTER )
**Plaintiff** )
)
v. ) **COMPLAINT**
)
STONE & WEBSTER, INC. )
**Defendant** )
)

Now comes the Plaintiff in this action, Norman A. Edminster, who states and avers the following as his Complaint:

### NATURE OF ACTION

1. This is an action for wrongful termination and age discrimination in violation of Gen. Laws c. 151B.

2. Plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD") on September 27, 2002 and withdrew the Charge on October 9, 2003, thus this Complaint is properly before this Court.

### PARTIES

3. Plaintiff, Norman A. Edminster, is an individual who resides at 12 Fox Road, Plymouth, MA.

4. Defendant, Stone & Webster, Inc., is a Louisiana corporation registered to do business in the Commonwealth of Massachusetts with a business location at 100 Technology Center Drive, Stoughton, MA.

### JURISDICTION

5. This Court has jurisdiction over the Defendant pursuant to Gen. Laws c. 223A, ss 2 and 3(a)-(f).

## FACTS

6. Plaintiff was hired by Defendant as a Senior Expediter on a fulltime basis in the Stoughton, MA Procurement Department starting on November 13, 2000.

7. Plaintiff was 51 years old at the time of hire and was not told that he would be a "project" employee or that his work would be limited to any specific project by Defendant.

8. Plaintiff's job duties required him to work on several projects for Defendant and to hire and train staff for the Procurement Department.

9. Plaintiff performed his job duties in an exemplary manner during his employment with Defendant and received a favorable annual performance review and a merit pay increase during his first year of employment.

10. On or about July 15, 2002, Plaintiff was asked by Mr. Michael Mulcahy, Plaintiff's supervisor, to terminate Mr. Jeff Rapp, who worked for Plaintiff in the Stoughton Procurement Department.

11. Mr. Rapp was over 40 years old and Plaintiff asked Mr. Mulcahy if any of the younger Expediters (Messrs. Erik Green, Geoff Cunningham, Bruce Lamb) or other younger employees in the Department were also slated for termination.

12. Mr. Mulcahy told Plaintiff that the younger Expediters were "the future" of Stone & Webster, were "protected" and that the Defendant would do "everything it could" to keep the younger Expediters employed.

13. On or about August 1, 2002, Mr. Mulcahy called Plaintiff into his office and inquired as to whether Plaintiff was still making college tuition payments for his children and whether Plaintiff's wife was still working.

14. At this meeting, Plaintiff inquired of Mr. Mulcahy whether he was planning to terminate Plaintiff, to which Mr. Mulcahy responded that he did not know, but that he wanted to know Plaintiff's personal situation.

15. On August 8, Plaintiff was terminated by his employer, Mr. Mulcahy.

16. At the time of Plaintiff's termination, and during a short period of time thereafter, Defendant terminated eleven (11) employees in the Procurement Department, all over the age of 40, while none of the younger Expediters were terminated.

17. Plaintiff believes, and therefore alleges, that Defendant offered job transfers and new job assignments to the younger Expediters and to at least one other younger employee in the Procurement Department and did not offer these job

opportunities or transfers to the more experienced, older employees in the Procurement Department, including Plaintiff.

18. Defendant Stone & Webster treated younger employees preferentially to the detriment of older, protected workers, including Plaintiff.

19. Defendant Stone & Webster articulated its preference for retaining younger employees to Plaintiff and acted in accordance with its announced plan to do "everything it could" to retain the younger workers, including terminating older employees in the Procurement Department.

20. Defendant Stone & Webster wrongfully and unlawfully terminated Plaintiff and discriminated against Plaintiff on the basis of his age.

## COUNT ONE-WRONGFUL TERMINATION

21. Plaintiff restates each allegations in Paragraphs 1-20 as if fully set forth herein.

22. Defendant wrongfully and unlawfully terminated Plaintiff's employment on the basis of his age by favoring younger and less experienced employees in the Procurement Department for job assignments and job transfers in violation of Gen. Laws c. 151B.

## COUNT TWO-AGE DISCRIMINATION

23. Plaintiff restates and reasserts each and every allegation in Paragraphs 1-22 as if fully set forth herein.

24. Defendant unlawfully discriminated against Plaintiff on the basis of his age by terminating his employment and by favoring younger and less experienced employees for job assignments, job transfers and job retention in violation of Gen. Laws c. 151B.

Wherefore, Plaintiff prays that this Court:

1. Enter judgment against Defendant for wrongful termination and age discrimination.
2. Reinstate Plaintiff to his former position as Senior Expediter.
3. Award Plaintiff all monies and benefits lost due to his termination and future pay.
4. Award Plaintiff compensatory, multiple and/or punitive damages.
5. Award Plaintiff his costs in this action and the MCAD action, including reasonable attorneys' fees and other costs, plus interest.
6. Provide other relief to Plaintiff as it deems appropriate and just.

**PLAINTIFF REQUESTS A JURY TRIAL.**

                                                          Norman A. Edminster
                                                          By his attorney

                                                          /s/ Jonathan R. Black

                                                          Jonathan R. Black
                                                          BBO# 044340
                                                          99 Derby Street, Suite 200
                                                          Hingham, MA 02043
                                                          781-556-1010

Dated: December 18, 2003

                                                       A TRUE COPY
                                      Attest: [signature]
                                            Deputy Assistant Clerk
                                                 3/9/04

3.0

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS                                              SUPERIOR COURT DEPT.
                                                         OF THE TRIAL COURT

NORMAN A. EDMINSTER,            )
       Plaintiff,               )
                                )
v.                              )                        CIVIL ACTION
                                )                        NO. 03-02309
STONE & WEBSTER, INC.,          )
       Defendant.               )
                                )

## NOTICE OF FILING OF NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441, *et seq.*, defendant Stone & Webster, Inc. hereby gives notice that it filed on this day a Notice of Removal with the United States District Court for the District of Massachusetts and thereby removed this civil action to that court. A certified copy of the Notice of Removal that Stone & Webster filed with the United States District Court is attached as Exhibit 1.

                                        Respectfully submitted,

                                        STONE & WEBSTER, INC.,

                                        By its attorneys,

                                        /s/ Kevin P. Sweeney
                                        Paul J. Murphy, BBO #363490
                                        Kevin P. Sweeney, BBO #548761
                                        Menard, Murphy & Walsh LLP
                                        60 State Street - 34th Floor
                                        Boston, Massachusetts 02109
                                        (617) 832-2500

Dated: March 8, 2004

Attest: [signature] A TRUE COPY
Deputy Assistant Clerk
3/9/04

## CERTIFICATE OF SERVICE

I, Kevin P. Sweeney, hereby certify that on this 8th day of March 2004, I caused a copy of **NOTICE OF FILING OF NOTICE OF REMOVAL** to be served by overnight mail addressed to Jonathan R. Black, Esquire, 99 Derby Street, Hingham, Massachusetts 02043.

_____
Kevin P. Sweeney

6637.21\Stone & Webster\Edminster\Pleadings\USDC\Notice of Filing.doc

COPY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORMAN A. EDMINSTER, <br> Plaintiff, <br><br> v. <br><br> STONE & WEBSTER, INC., <br> Defendant. | Civil Action No. <br><br> **04 CV 10466 DPW** |

## NOTICE OF REMOVAL

To the Honorable Judges of the United States District Court for the District of Massachusetts.

Petitioner Stone & Webster, Inc. ("Stone & Webster"), the defendant in the above-captioned action, states:

1. This action was commenced in the Trial Court of Massachusetts, Superior Court Department, Norfolk County (the "Superior Court"), Civil Action No. 03-02309, and is now pending in that court. Process was served upon an agent of defendant Stone & Webster on February 17, 2004.

2. Stone & Webster desires to exercise its rights under the provisions of 28 U.S.C. §§1441, *et seq.*, to remove this action from the Superior Court.

3. This is an action in which the District Courts of the United States have original jurisdiction under the provisions of 28 U.S.C. §1332 in that it is a civil action between citizens of different states wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

a.  Plaintiff Norman A. Edminster alleges that at the time of the commencement of this action he was, and, on information and belief still is, a citizen of the Commonwealth of Massachusetts.

b.  Stone & Webster at the time of the commencement of this action was, and still is, a corporation duly created and organized by and under the laws of the State of Louisiana with its principal place of business located in Baton Rouge, Louisiana. Stone & Webster at the time of the commencement of this action was, and still is, a citizen of the State of Louisiana.

c.  The amount in controversy in this action exceeds $75,000.00, as the plaintiff seeks to recover $58,000 in lost wages plus unspecified additional "compensatory, multiple and/or punitive" damages and attorneys' fees caused by Stone & Webster's alleged wrongful termination of plaintiff's employment and its alleged age discrimination under M.G.L. c.151B.

4.  Pursuant to 28 U.S.C. §1446(d), a true and accurate copy of this Notice of Removal is being filed with the Superior Court.

5.  Pursuant to LR, D. Mass. 81.1 of the Local Rules of the United States District Court for the District of Massachusetts, within thirty days of the filing of this Notice of Removal, Stone & Webster will file in this Court certified or attested copies of the summons and complaint and docket entries in the Superior Court Department of the Trial Court of Norfolk County, Massachusetts.

6.  Stone & Webster attaches hereto as Exhibit 1 and makes a part of this petition true and accurate copies of the pleadings and process served upon it in this action.

7.  Stone & Webster reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Stone & Webster hereby removes the action now pending against it in the Trial Court of Massachusetts, Superior Court Department, Norfolk County, Civil Action No. 03-02309, to this Court.

Respectfully submitted,

STONE & WEBSTER, INC.

By its attorneys,

*/s/ Kevin P. Sweeney*

Paul J. Murphy, BBO #363490
Kevin P. Sweeney, BBO #548761
Menard, Murphy & Walsh LLP
60 State Street - 34th Floor
Boston, Massachusetts 02109
(617) 832-2500

Dated: March 8, 2004

## CERTIFICATE OF SERVICE

I, Kevin P. Sweeney, hereby certify that on this 8th day of March 2004, I caused a copy of the above **NOTICE OF REMOVAL** to be served by overnight mail addressed to Jonathan R. Black, 99 Derby Street, Suite 200, Hingham, Massachusetts 02043 (attorney for plaintiff).

*/s/ Kevin P. Sweeney*
Kevin P. Sweeney

6637.21\Stone & Webster\Edminster\Pleadings\USDC\Notice of Removal.doc

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                SUPERIOR COURT DEPARTMENT
                                            CIVIL ACTION NO.
                                                    03  02309

NORMAN A. EDMINSTER    )
**Plaintiff**          )
                       )
v.                     )            **COMPLAINT**
                       )
STONE & WEBSTER, INC.  )
**Defendant**          )
                       )

Now comes the Plaintiff in this action, Norman A. Edminster, who states and avers the following as his Complaint:

### NATURE OF ACTION

1. This is an action for wrongful termination and age discrimination in violation of Gen. Laws c. 151B.

2. Plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD") on September 27, 2002 and withdrew the Charge on October 9, 2003, thus this Complaint is properly before this Court.

### PARTIES

3. Plaintiff, Norman A. Edminster, is an individual who resides at 12 Fox Road, Plymouth, MA.

4. Defendant, Stone & Webster, Inc., is a Louisiana corporation registered to do business in the Commonwealth of Massachusetts with a business location at 100 Technology Center Drive, Stoughton, MA.

### JURISDICTION

5. This Court has jurisdiction over the Defendant pursuant to Gen. Laws c. 223A, ss 2 and 3(a)-(f).

## FACTS

6. Plaintiff was hired by Defendant as a Senior Expediter on a fulltime basis in the Stoughton, MA Procurement Department starting on November 13, 2000.

7. Plaintiff was 51 years old at the time of hire and was not told that he would be a "project" employee or that his work would be limited to any specific project by Defendant.

8. Plaintiff's job duties required him to work on several projects for Defendant and to hire and train staff for the Procurement Department.

9. Plaintiff performed his job duties in an exemplary manner during his employment with Defendant and received a favorable annual performance review and a merit pay increase during his first year of employment.

10. On or about July 15, 2002, Plaintiff was asked by Mr. Michael Mulcahy, Plaintiff's supervisor, to terminate Mr. Jeff Rapp, who worked for Plaintiff in the Stoughton Procurement Department.

11. Mr. Rapp was over 40 years old and Plaintiff asked Mr. Mulcahy if any of the younger Expediters (Messrs. Erik Green, Geoff Cunningham, Bruce Lamb) or other younger employees in the Department were also slated for termination.

12. Mr. Mulcahy told Plaintiff that the younger Expediters were "the future" of Stone & Webster, were "protected" and that the Defendant would do "everything it could" to keep the younger Expediters employed.

13. On or about August 1, 2002, Mr. Mulcahy called Plaintiff into his office and inquired as to whether Plaintiff was still making college tuition payments for his children and whether Plaintiff's wife was still working.

14. At this meeting, Plaintiff inquired of Mr. Mulcahy whether he was planning to terminate Plaintiff, to which Mr. Mulcahy responded that he did not know, but that he wanted to know Plaintiff's personal situation.

15. On August 8, Plaintiff was terminated by his employer, Mr. Mulcahy.

16. At the time of Plaintiff's termination, and during a short period of time thereafter, Defendant terminated eleven (11) employees in the Procurement Department, all over the age of 40, while none of the younger Expediters were terminated.

17. Plaintiff believes, and therefore alleges, that Defendant offered job transfers and new job assignments to the younger Expediters and to at least one other younger employee in the Procurement Department and did not offer these job

opportunities or transfers to the more experienced, older employees in the Procurement Department, including Plaintiff.

18. Defendant Stone & Webster treated younger employees preferentially to the detriment of older, protected workers, including Plaintiff.

19. Defendant Stone & Webster articulated its preference for retaining younger employees to Plaintiff and acted in accordance with its announced plan to do "everything it could" to retain the younger workers, including terminating older employees in the Procurement Department.

20. Defendant Stone & Webster wrongfully and unlawfully terminated Plaintiff and discriminated against Plaintiff on the basis of his age.

## COUNT ONE-WRONGFUL TERMINATION

21. Plaintiff restates each allegations in Paragraphs 1-20 as if fully set forth herein.

22. Defendant wrongfully and unlawfully terminated Plaintiff's employment on the basis of his age by favoring younger and less experienced employees in the Procurement Department for job assignments and job transfers in violation of Gen. Laws c. 151B.

## COUNT TWO-AGE DISCRIMINATION

23. Plaintiff restates and reasserts each and every allegation in Paragraphs 1-22 as if fully set forth herein.

24. Defendant unlawfully discriminated against Plaintiff on the basis of his age by terminating his employment and by favoring younger and less experienced employees for job assignments, job transfers and job retention in violation of Gen. Laws c. 151B.

Wherefore, Plaintiff prays that this Court:

1. Enter judgment against Defendant for wrongful termination and age discrimination.
2. Reinstate Plaintiff to his former position as Senior Expediter.
3. Award Plaintiff all monies and benefits lost due to his termination and future pay.
4. Award Plaintiff compensatory, multiple and/or punitive damages.
5. Award Plaintiff his costs in this action and the MCAD action, including reasonable attorneys' fees and other costs, plus interest.
6. Provide other relief to Plaintiff as it deems appropriate and just.

**PLAINTIFF REQUESTS A JURY TRIAL.**

Norman A. Edminster  
By his attorney

_____  
Jonathan R. Black  
BBO# 044340  
99 Derby Street, Suite 200  
Hingham, MA 02043  
781-556-1010

Dated: December 18, 2003

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                              SUPERIOR COURT
                                                          CIVIL ACTION

                                                          NO. 03-02309

Norman A. Edminster
..................................................., *Plaintiff(s)*

v.

Stone & Webster, Inc.
..................................................., *Defendant(s)*

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Jonathan R. Black, Esq. plaintiff's attorney, whose address is 99 Derby St., Ste 200, Hingham, MA 02043, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at ...Dedham... the ...19th...

day of ...December..., in the year of our Lord two thousand and ...three...

                                                          *[signature]* Clerk.

2/17/04

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ......................................, 20          , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..................................................................................................................................................

..................................................................................................................................................

..................................................................................................................................................

Dated:                              , 20          ..................................................................................

N. B.  TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

|                                          |
|------------------------------------------|
|                                   , 20   |

0403 3196

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                SUPERIOR COURT
                            CIVIL ACTION

NO.

Norman A. Edminster............., Plaintiff

v.

Stone & Webster, Inc............., Defendant

SUMMONS

(Mass. R. Civ. P.4)

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 03 02309 | Trial Court of Massachusetts Superior Court Department County: Norfolk |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Norman A. Edminster | Stone & Webster, Inc. |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Jonathan R. Black<br>99 Derby St., Suite 200<br>Hingham, MA 02043   781-556-1010<br>Board of Bar Overseers BBO # 044340 | |

Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Age Discrimination | (F) | (x) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

Documented medical expenses to date:
1. Total hospital expenses ........................ $..........
2. Total Doctor expenses ......................... $..........
3. Total chiropractic expenses ................... $..........
4. Total physical therapy expenses ............... $..........
5. Total other expenses (describe) ............... $..........
Subtotal $..........

Documented lost wages and compensation to date .... $..........
Documented property damages to date ............... $..........
Reasonably anticipated future medical and hospital expenses ... $..........
Reasonably anticipated lost wages ................. $58,000
Other documented items of damages (describe)
Compensatory, multiple and/or punitive; attorneys' fees and costs   $..........

Brief description of plaintiff's injury, including nature and extent of injury (describe)

Wrongful termination and age discrimination.    $..........

TOTAL $58,000+

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT    NONE

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 12/18/03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000